UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CARL WAYNE STEWART | CIVIL ACTION NO. 1:16-CV-01292 |
| VERSUS | CHIEF JUDGE DRELL |
| JUDGE BLEICH, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

I. Background

Before the Court is a civil rights complaint filed pursuant to 28 U.S.C. §1983, *in forma pauperis,* by pro se plaintiff Carl Wayne Stewart ("Stewart"). The named defendants are Judge Bleich of the Louisiana Tenth Judicial District Court in Natchitoches Parish, and the City of Natchitoches. Stewart contends that he is an heir of Dorothy Green Stewart, who died intestate on October 17, 1994, and of Julia Brooks, who died intestate on October 24, 1994.

Stewart is contesting the November 2014 sale of Julia Brooks's property at 221 Powell Street in Natchitoches, Louisiana, by an attorney representing some of the heirs. Judge Bleich upheld the sale of the Powell Street property. Stewart contends that Judge Bleich and the City of Natchitoches violated his right to due process by opening Julia Brooks's succession and allowing the Powell Street property to be sold, apparently without recognizing his claim against the succession.

Stewart filed this action in state court, "Succession of Julia Brooks, Docket No. 12, 915-B in the Tenth Judicial District Court, Natchitoches Parish," then removed it to federal court pursuant to 28 U.S.C. § 1983.

## II. Law and Analysis

Stewart contends this Court has subject matter jurisdiction pursuant to § 1983. However, Stewart has not alleged a § 1983 claim.

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. See Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court. Coury, 85 F.3d at 248. The burden of proof is on the party asserting jurisdiction. Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. See Clark v. Tarrant County, 798 F.2d 736, 741 (5th Cir. 1986).

The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. See Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).

The Fourteenth Amendment protects only against deprivations of property without due process of law.  See Parratt v. Taylor, 451 U.S. 527, 537 (1981).  The Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States.  See Baker v. McCollan, 443 U.S. 137, 145 (1979).  A constitutional deprivation of property without due process of law must be intentional, and plaintiff must allege specific facts that support such a conclusion.  The Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property.  See Daniels v. Williams, 474 U.S. 327, 328 (1986).  Moreover, in instances where intentional deprivation occurs, the Due Process Clause is not implicated where an adequate state post-deprivation remedy is available.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994); Lewis v. Woods, 848 F.2d 649 (5th Cir. 1988); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984).

It appears from Stewart's allegations that Julia Brooks's succession was not opened for many years, and the Powell Street property sat vacant.  The Court appointed an administrator for the succession, at least some of the heirs were represented in the proceedings, and the property was sold.  Stewart appears to believe he did not receive what he was due as an heir.  Stewart does not allege whether he was intentionally omitted from the succession proceedings.

Stewart does not allege that defendants intentionally deprived him of property without due process of law.  Moreover, Louisiana law provides Stewart an adequate post-deprivation remedy to seek redress for his alleged loss as an heir.  See La.C.C.

Articles 1095, *et seq.*, and 1402, *et seq.*. Therefore, the Due Process Clause is not implicated in this action.

Since Stewart's allegations do not set forth a constitutional claim pursuant to § 1983, this Court lacks subject matter jurisdiction. Stewart's case should be remanded to the Louisiana state court.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Stewart's case be REMANDED to the Louisiana Tenth Judicial District Court in Natchitoches Parish.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this <u>27th</u> day of February, 2017.

Joseph H.L. Perez-Montes<br>
United States Magistrate Judge